FILED
2017 Apr-25 AM 11:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| GARY ALAN PHILLIPS, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:15-cv-01628-RDP-JHE |
| CHRIS HILL, et al., | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Gary Alan Phillips, Jr. has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1). He names the following defendants in the complaint: State of Alabama Probation and Parole Officer Chris Hill and Madison County Circuit Court Clerk Jane C. Smith. (*Id.* at 3). He seeks monetary and injunctive relief. (*Id.* at 4). In accordance with the usual practices of this Court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

**I. Standard of Review**

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this Court to screen complaints prisoners file against government officers or employees. The Court must dismiss the complaint or any portion thereof it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon which relief can be granted. *Id.* Moreover, the Court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

1

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Id*. at 327.

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted. A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 557 (2007) (alteration incorporated). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Similarly, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

On April 10, 2014, Phillips "attempted to have a conversation with probation officer Chris Hill in the lobby of the probation office" in Huntsville, Alabama. (Doc. 1 at 3). Even though Phillips was not "detained," "in custody," or "posing a threat," Hill said, "'Sit down or I'll shoot you.'" (*Id.* at 3-4). Hill then ordered Phillips to his office where he handcuffed Phillips and escorted him to Madison County Jail. (*Id.* at 4). Upon arriving at the jail, Hill knowingly and falsely informed Phillips he "had a hold . . . from the State of Tennessee." (*Id.* at 5).

On June 13, 2014, Judge Donna S. Pate ordered Phillips be released from Madison County Jail. (*Id*. at 6). However, the "release order was ignored based on the false hold Chris Hill placed on" him. (*Id.*). At this juncture, Phillips began using "the grievance process at" the Madison County Jail, and "turned in over 30 forms to" Corrections Officer Barlowe, but none of the forms "were returned or answered." (*Id.*). Phillips asserts Barlowe is willing to testify to this fact. (*Id.*).

On July 22, 2014, Phillips "wrote out a habeas corpus" petition "and sent it to Jane C. Smith, the Circuit Clerk of Madison County. (*Id.* at 7). The petition was filed on July 24, 2014. (*Id.*). Smith informed Phillips he "needed to complete a civil cover sheet and an affidavit of hardship." (*Id.*). Phillips did so and had the affidavit notarized on August 8, 2014. (*Id.*). He also included a more detailed habeas corpus petition and mailed the documents the evening of August 8, 2014. (*Id.*).

Phillips was released on August 13, 2014, "with no explanation from the jail, the courts, or the probation office." (*Id.*). He asserts that, while the civil cover sheet and affidavit of hardship "showed on AlaCourt," the more detailed habeas corpus petition mailed August 8, 2014, "disappear[ed]." (*Id.*). He claims this petition was not "e-filed" until August 28, 2014, "effectively contradicting the 72 hour window which the habeas corpus relief in part stands on." (*Id.*). On the

same day the "new petition" was e-filed, Judge Karen Hall deemed the petition moot because Phillips had already been released. (*Id.* at 2, 7).

During the four months he remained in jail, Phillips was never afforded a "72 hour hearing," "officially charged with anything," and "never had a bond." (*Id.*). He also feared for his life, endured threats of "deadly force" or "assault," and "lost custody of [his] son." (*Id.* at 5-6). He demands monetary damages and requests the Court pursue criminal charges against the defendants "or one(s) surrounding these claims but also not stated in these claims." (*Id.* at 4).

### III. Analysis

#### I. Criminal Charges

To the extent Phillips requests this Court pursue criminal charges against the named defendants or others associated with his claims, his claims are due to be dismissed. This Court has no authority to act as a prosecutorial entity. As such, it is without jurisdiction to refer any defendant or individual to any agency for criminal prosecution. *See United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced."). This claim is due to be dismissed for lack of subject matter jurisdiction.

#### II. Probation Officer Chris Hill

Phillips alleges Hill's "statement about the hold was a fabrication on his part and . . . a pretentious and malicious act." (Doc. 1 at 5). Based upon this lie, Hill detained Phillips in the Madison County Jail from April 10, 2014, until August 13, 2014, when he was released without explanation. (*Id.* at 3-5). Phillips was not afforded a 72-hour hearing or charged with a crime for the 123 days he remained incarcerated. (*Id.* at 5). While in jail, Phillips feared for his life, endured

4

threats of "deadly force" or "assault," and "lost custody of [his] son." (*Id.* at 5-6).

Phillips claims he was falsely arrested and imprisoned, denied due process of law, and deprived of his right to counsel. (*Id.* at 5). He also claims "1st, 5th, 6th, 8th, and 9th amendment" constitutional violations. (*Id.*).

### 1. False Arrest

"[T]he Fourth Amendment's shield against unreasonable seizures requires a prompt judicial determination of probable cause following an arrest made without a warrant and ensuing detention[.]" *Powell v. Nevada*, 511 U.S. 79, 80 (1994) (citing *Gerstein v. Pugh*, 420 U.S. 103, 113-114 (1975)). "'[P]rompt' generally means within 48 hours of the warrantless arrest; absent extraordinary circumstances, a longer delay violates the Fourth Amendment." *Id.* (quoting *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991)). Construing Phillips's allegations liberally, Hill did not have probable cause to arrest him without a warrant because Hill knowingly lied about the existence of a Tennessee hold in order to effectuate that arrest. Moreover, no judicial determination of probable cause was made within forty-eight hours after his arrest. These facts sufficiently state a Fourth Amendment claim against Hill in his official and individual capacities, and he should be directed to respond.

### 2. False Imprisonment

Phillips alleges Hill falsely detained him upon arrest, and continued his detention for a period totaling 123 days. "A detention on the basis of a false arrest presents a viable [section] 1983 action." *Ortega v. Christian,* 85 F.3d 1521, 1525 (11th Cir. 1996) (citing *Reeves v. City of Jackson,* 608 F.2d 644 (5th Cir. 1979)). "Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention

5

pursuant to that arrest." *Id.* at 1526 (citing *Groman v. Township of Manalapan,* 47 F.3d 628, 636 (3d Cir. 1995) ("A false imprisonment claim under § 1983 which is based on an arrest made without probable cause is grounded in the Fourth Amendment's guarantee against unreasonable seizures.")). As set out above, Phillips has alleged sufficient facts to state a claim against Hill for false arrest and, therefore, also a false imprisonment claim against Hill for his detention pursuant to that arrest.

Moreover, Phillips's detention continued for almost four months thereafter. Under those circumstances,

> [a] § 1983 claim of false imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment. *See Cannon v. Macon County,* 1 F.3d 1558, 1562–63 (11th Cir.1993), modified on other grounds, 15 F.3d 1022 (1994). The elements of common law false imprisonment are an intent to confine, an act resulting in confinement, and the victim's awareness of confinement. *See id.* at 1562 n. 3. The Fourteenth Amendment Due Process Clause includes the "right to be free from continued detention after it was or should have been known that the detainee was entitled to release." *Id.* at 1563; *West v. Tillman,* 496 F.3d 1321, 1327 (11th Cir. 2007) (per curiam). To establish a due process violation, [the plaintiff] must prove that [the defendant] acted with deliberate indifference. *See Tillman,* 496 F.3d at 1327. This means that [the defendant] had subjective knowledge of a risk of serious harm and disregarded that risk by actions beyond mere negligence. *See id.*

*Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009).

Hill intended to and did confine Phillips in the Madison County Jail. Phillips was aware of his confinement, which lasted for a period totaling 123 days. Hill knew Phillips was entitled to be released but was deliberately indifferent to the risk of serious harm to Phillips as a result of his false representation the State of Tennessee had a hold on Phillips. Hill should be directed to respond to the Fourth and Fourteenth Amendment false imprisonment claims against him in his

6

official and individual capacities.[1]

### 3. Right to Counsel

"The Sixth Amendment provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.'" *Texas v. Cobb*, 532 U.S. 162, 167 (2001). However, this right "does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Id.* at 167-68 (quoting *McNeil v. Wisconsin,* 501 U.S. 171, 175 (1991) (citations and internal quotation marks omitted)).

Phillips alleges he was never notified of or charged with any offense. Since no adversarial criminal proceedings of any character were ever initiated, his Sixth Amendment right to counsel never attached. This claim against Hill in his official and individual capacity is due to be dismissed for failure to state a claim upon which relief can be granted.

### 4. "1st, 5th, 6th, 8th, and 9th Amendment" Violations

Within his allegations against Hill, Phillips asserts in conclusory fashion his "1st, 5th, 6th, 8th, and 9th amendment" constitutional rights were violated. (*Id.*). While the undersigned must liberally construe *pro se* pleadings, Phillips' blanket recitation of various constitutional amendments is wholly insufficient to state any constitutional claims. Moreover, other than the right to counsel guaranteed by the Sixth Amendment as previously addressed herein, the facts Phillips alleged do not implicate the constitutional amendments he lists. Therefore, his First, Fifth,

---

[1] The court notes Phillips alleges he filed numerous grievances about the matter but received no response. (Doc. 1 at 6). He contends Jail Official Barlowe was aware of the grievances and will testify in his behalf as to that issue. (*Id.*). Phillips does not name Barlowe or any other Madison County Jail corrections officers as defendants in connection with his Fourteenth Amendment claim of continued detention at the jail.

Eighth, and Ninth Amendment claims against Hill in his official and individual capacity are due to be dismissed.

**III. Madison County Circuit Court Clerk Jane C. Smith**

To the extent Phillips sues Jane C. Smith in her official capacity as the Madison County Circuit Clerk, she is one and the same with the Madison County Circuit Clerk's Office. *See e.g., Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Under Alabama law, circuit court clerks' offices are considered state agencies. *See e.g.*, Ala. Code § 12-17-80 ("Clerks . . . of the circuit court shall be paid by the state . . . . Employees in the offices of the circuit clerks . . . shall be paid by the state beginning October 1, 1977. Employees in the offices of clerks . . . shall be paid by the county through September 30, 1977."); *Stegmaier v. Trammell*, 597 F.2d 1027, 1037 (5th Cir. 1979) ("Although elected under the Alabama Constitution, Circuit Clerks are employed and paid by the State of Alabama." (citing Ala. Code § 12–17–80)).

As a state official sued in her official capacity, Smith is entitled to Eleventh Amendment sovereign immunity. As such, Phillips's claims against Smith in her official capacity are due to be dismissed for failing to state a claim upon which relief may be granted. The remainder of this discussion is dedicated to his claim against Smith in her individual capacity.

Phillips alleges the petition for writ of habeas corpus he mailed from the Madison County Jail on August 8, 2014, "disappear[ed]" because it does not appear on "Alacourt," but then declares it was "e-filed" on August 28, 2016, the day Judge Hall deemed the petition moot. (Doc. 1 at 5-6). Phillips blames Smith for the delay. (*Id.*). The undersigned interprets the allegations as an attempt to claim Smith denied him the right to access the court.

The right of access to the courts requires only that inmates be provided with some

8

"adequate, effective, and meaningful" way to bring their legal claims before the court. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). "[T]he right is *ancillary* to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Therefore, Phillips must describe his predicate claims well enough to establish they are "'nonfrivolous'" and "'arguable'" to a degree "more than hope." *Id*. at 416. This is known as an "actual-injury requirement." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

For the reasons set out above, Phillips's claims against Hill appear to be non-frivolous. However, review of the state court record associated with the petition for writ habeas corpus Phillips filed belies his contention Smith delayed filing of the substitute petition he mailed on Friday, August 8, 2014. *See Gary Alan Phillips, Jr. v. State of Alabama*, 47-CV-2014-000082.00, available at https://alacourt.com.² Instead, the record shows the substitute petition was filed on Monday, August 11, 2014. *Id.*, doc. 5 (alleging Probation Officer Chris Hill detained him in Madison County Jail under the false pretense the State of Tennessee had a hold or warrant). The e-filed document, dated August 28, 2014, to which Phillips refers in his complaint, is the order Judge Hall entered on that date, not the substitute petition, which was already in the docket. *Id*., docs. 5 & 6. Smith in no way denied or delayed Phillips's access to the court, and the claim against her is due to be dismissed for failure to state a claim upon which relief can be granted.

## IV. Recommendation

---

² This court "may take judicial notice" of "state court proceedings." *Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984) (citing *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976)). *See also* FED. R. EVID. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

For the reasons stated above, the undersigned **RECOMMENDS** the claim requesting judicial institution of criminal charges be **DISMISSED** for lack of subject matter jurisdiction. The undersigned further **RECOMMENDS** all claims in this action, except the Fourth and Fourteenth Amendment false arrest and false imprisonment claims against Hill in his official and individual capacity be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted. The undersigned **FURTHER RECOMMENDS** the remaining claims be **REFERRED** to the undersigned for further proceedings.

## V. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013). Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by

the magistrate judge. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

DONE this 25th day of April, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE