UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **GARY ALAN PHILLIPS, JR.,** | } | |
| Plaintiff, | } | |
| v. | } | Case No.: 5:15-cv-01628-RDP-JHE |
| **CHRIS HILL, et al.,** | } | |
| Defendants. | } | |

## ORDER

On April 25, 2017, the Magistrate Judge's Report and Recommendation was entered and Plaintiff was allowed fourteen (14) days in which to file objections to the recommendations made by the Magistrate Judge. (Doc. # 9). After Plaintiff informed the court of his new address, the court sent the Magistrate Judge's report to that address and granted Plaintiff fourteen additional days in which to file objections. (Doc. # 14). No objections were filed.

After careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation, the court hereby **ADOPTS IN PART** and **OVERRULES IN PART** the Report of the Magistrate Judge. The court **ADOPTS** all portions of the Report except for the Magistrate Judge's recommendation that Defendant Hill should be directed to answer the 42 U.S.C. § 1983 false arrest and false imprisonment claims in his official capacity. (Doc. # 9 at 5-7). "Official capacity suits are suits against state agencies, not against the people through whom agencies act." *Hobbs v. Roberts*, 999 F.2d 1526, 1530 (11th Cir. 1993). Plaintiff asserts that Defendant Hill is employed by the Alabama Board of Pardons and Paroles. (Doc. # 1 at 3). The Alabama Board of Pardons and Paroles is a state agency that cannot be sued under 42 U.S.C. § 1983 and is entitled to receive Eleventh Amendment immunity. *E.g.*, *Fenderson v. Ala. Bd. of*

*Pardons & Paroles*, 2013 WL 1908407, at *1 (M.D. Ala. May 7, 2013); *Freeman v. Holifield*, 2012 WL 2036360, at *2 (N.D. Ala. June 5, 2012); *Henley v. Ala. Bd. of Pardons & Paroles*, 2009 WL 189964, at *1 (M.D. Ala. Jan. 27, 2009). Accordingly, an official of the Alabama Board of Pardons and Paroles, such as Defendant Hill, cannot be sued in his official capacity for monetary damages under § 1983. *See McClain v. Riley*, 2008 WL 2439096, at *1, 5, 10 (M.D. Ala. June 13, 2008) (granting summary judgment for official-capacity claims against the executive director of the Alabama Board of Pardons and Paroles and other officials based on Eleventh Amendment immunity). Thus, any § 1983 claims against Defendant Hill in his official capacity are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

The court further **ACCEPTS** the recommendations of the Magistrate Judge (Doc. # 9 at 10), with the exception of his recommendation that the false arrest and false imprisonment claims against Defendant Hill in his official capacity proceed past the screening stage. Therefore, Plaintiff's claim requesting judicial institutional of criminal charges is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Plaintiff's claims against Defendant Jane C. Smith are hereby **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. All of Plaintiff's claims against Defendant Hill, with the exception of his § 1983 individual-capacity false arrest and false imprisonment claims, are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Plaintiff's individual-capacity false arrest and false imprisonment claims against Defendant Hill are **REFERRED** to the Magistrate Judge for further proceedings.

---

[1] Plaintiff has not expressly requested injunctive or declaratory relief in this action. Even if Plaintiff had requested such prospective relief, any claim for prospective relief likely would be moot because he is not currently incarcerated in the Madison County Jail.

**DONE** and **ORDERED** this June 1, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE